Gkief Justice Robertson
delivered the opinion of the court.
Flournoy sued Richardson, in debt, for $100, on the following obligation:—
“ For value received, I promise to pay David Flournoy the-sum of eight hundred and one dollars, to lie paid at the expiration of six years from the date hereof. Witness my hand and seal this 14th of July, 1814.
$801. JOSIAH PITTS, (seal.)
Teste,

Thomas C. Flournoy.

Endorsed', “So far as $100 I hold myself bound as the security of Mr. Josiah Pitts.
SAMUEL Q. RICHARDSON.
14th July, 1814.”
' The circuit cburt overruled a demurrer to the declaration, and thereupon gave judgment against Richardson, by default, for $100, and six percent, interest thereon “from the 14th of July, 1820, till paid.”
Two objections only have been made to the dec, laration — 1st. It contains no averment of Pitt’s insolvency. 2d. Covenant, and not debt, was the appropriate form of action.
I. The undertaking by Richardson must be deemed a direct and original agreement by him to pay Flournoy $100. liis obligation and that of Pitts seem to be of the same date. They must, therefore, be considered as simultaneous in their origin, and as parts of the same entire contract; and consequently Richardson’s obligation is precisely that of an ordinary surety, severally bound with his principal in the same obligation — with this difference only, that Richardson is bound only for $100, and Pitts is bound for $801.
Richardson was willing to be surety to the extent of $100; and if the entire obligation of Pitts had *156 not exceeded that sum, it may be inferred that both, of them would have signed it together as joint obligors.
tí"' to be*aU«wp(l from thefime the debt becomes due,
Brown and 7Jenny, far plaintiff; Morchcml for clefendant.
Wherefore it results that Richardson was liable to sup for ^100, as soon as the Risthe debt became due, and that it was not material whether Fitts was solvent or not, or had been sued or not.
II. It, i - ,. . c II. It is also a consequence of this view of the case, that debt was an appropriate action — and that ^ was ProPer t0 render judgment for current interest, to commence when the debt first became due— to-wit:Uth July, 1820.
JuJg'ueut firmed.